Matthias, J.
 

 If the personal property in question came to Clara B. French by virtue of the provisions of Section 8574, General Code, then upon her death its disposition is governed and controlled by Sectioh 8577,. General Code. At the time of the death of William French, November 29, 1920, Section 8578, General Code, provided that:
 

 “When a person dies intestate and leaves per
 
 *4
 
 sonal property, it shall be distributed in the manner prescribed in section eighty-five hundred and seventy-four, as to real property which came not by descent, devise or deed of gift from an ancestor.
 
 ’
 
 ’
 

 Section 8574, General Code, provides as follows:
 

 “If the estate came not by descent, devise, or deed of gift, it shall descend and pass as follows: 1. To the children of the intestate and their legal representatives. 2. If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate.”
 

 In view of the definite and specific provisions applicable to the facts here presented, it must be held that the personal property owned by William French at the time of his death descended to his relict, Clara B. French, under and by virtue of the provisions of Section 8574, General Code. Such was the effect of the decision of this court in
 
 Stembel
 
 v.
 
 Martin,
 
 50 Ohio St., 495, 35 N. E., 208, the syllabus of which is as follows:
 

 “1. Where a husband or wife dies intestate and without issue, seized of nonancestral real estate, or personal property, it descends to the relict of such husband or wife, under Section 4159, of the Revised Statutes [now Section 8574, General Code]; and such property, so descended, under Section 2 of the act of April 17, 1857 (S. & C. 501), and amendments thereto, when the supplemental act of April 11, 1877 (Vol. 74, Ohio Laws, 81), was adopted.
 

 “2. Upon the death of the relict without issue and intestate, seized of the property, it descends, under Section 4162, of the Revised Statutes [now Section 8577, General Code], one-half t,o the brothers and
 
 *5
 
 sisters of the whole blood of the former deceased husband or wife, or their representatives, if there be such, and if not, then to those of the half blood, and their representatives, and the other half to the brothers and sisters of the deceased relict, and their representatives, in the like order. And such property has descended in the same way, since the passage of the supplemental act of April 11,1877.”
 

 It follows therefore that, Clara B. French having died intestate and without issue, the personal property of which she was seized at the time of her death, which had come to her from her husband, William French, descended pursuant to Section 8577, General Code.
 

 The further question then presented is: What property set forth in the inventory of the estate of Clara B. French did come to her from the estate of William French, deceased?
 

 It is conceded that $4,100 in government bonds possessed by her at the time of her death came from the estate of William French, deceased, and that, of the $13,200 additional securities which she possessed, $8,500 thereof were purchased by her from the proceeds of the mortgage notes which came to her from the estate of her husband, William French, deceased. There is, of course, no question as to the $4,100 'in government bonds, which is the identical property which carné to Clara B. French from the estate of William French, deceased. The question presented is whether, under the statute, property which is not the identical property which came from the deceased husband, but which was purchased from the proceeds of property which came to thé wife from the deceased husband, should be dis
 
 *6
 
 tributed in accordance with the provisions of Section 8577, General Code. By virtue of the provisions of that section, when the relict of a deceased husband or wife dies intestate and without issue, possessed of any real or personal property which came to such intestate from a former husband or wife by deed of gift, devise, or bequest, or under the provisions of Section 8574, General Code, and there are no children or their legal representatives of the deceased husband or wife, such estate, real and personal, shall pass and descend one-half to the brothers and sisters of such intestate or their legal representatives and one-half to the brothers and sisters of such deceased husband or wife from whom such personal property or real estate came, or their legal representatives.
 

 If in the provision, “real estate or personal property which came” to the wife from the husband under this section, there is included property thereafter purchased with the proceeds of the real or personal property which came from the husband, and the only test to be applied is whether it is possible to trace the proceeds of such property left by the husband to some property possessed by the wife at the time of her death, the same rule must be universally applied, regardless of the period of time that may have elapsed, thé number of transactions involving the exchanges or purchases of property real or personal, or the extent to which there may have been an intermingling of assets from the property received frpm the husband’s estate with the property owned and possessed by the wife, or the extent of the natural increase and accumulation thereof. Some of the difficulties are thus indicated which
 
 *7
 
 would arise if the statute under consideration were held to direct that not only the property, but the proceeds of the property which came from the husband, so far and.so long as traceable, should descend and be distributed under Section 8577, General Code. That would be the effect if interpreted and applied as contended for by counsel for defendants in error.
 

 We are therefore asked so to construe the language employed by the Legislature as to include that which is not covered by the terms of the statute. Such construction and application of these provisions would have the effect of taking property from the course of descent directed by the clear and express provisions of one statute and placing it in an entirely different course of descent under another statute. That would not be statutory construction: it would be legislation. The court is authorized only to interpret and apply the laws enacted by the Legislature, and, when the language employed is clear and unambiguous, no interpretation is required.
 
 Slingluff
 
 v.
 
 Weaver,
 
 66 Ohio St., 621, 64 N. E., 574;
 
 Scheu
 
 v.
 
 State,
 
 83 Ohio St., 146, 93 N. E., 969;
 
 Board of Education of Zaleski School Dist.
 
 v.
 
 Boal,
 
 104 Ohio St., 482, 135 N. E., 540;
 
 Mahoning Park Co.
 
 v.
 
 Warren Home Development Co.,
 
 109 Ohio St., 358, 142 N.E., 883.
 

 The provisions of Section 8577, General Code, require no construction,, and its terms should be applied in accordance with the plain meaning of the language employed. The widow was at liberty to do as she pleased with any of the property left to her by her deceased husband; she could consume it all; she could give it away during her lifetime, or dispose of it by will if she chose. It was her prop
 
 *8
 
 erty, and she conld sell it and invest the proceeds in other property as she pleased. The brother and sister of her deceased husband had an interest only in the event the widow died intestate without children or their legal representatives and in possession of the same property which came to her from her husband. The $8,500 of securities in question, owned and possessed by Clara B. French at the time of her death, were not “property which came” to her from her deceased husband. Regardless of the time when the same were acquired by the widow, those bonds constitute property which came, not from the husband, but by purchase, and upon the death of the widow they pass under the statute to her heirs.
 

 It is our conclusion, therefore, that only the $1,100 in government bonds was subject to distribution under the provisions of Section 8577, General Code. The judgment of the Court of Appeals will therefore be modified as above indicated.
 

 Judgment modified and affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.