HALTERMAN ET AL. *v.* WILT, ADMX., ET AL.

(Decided January 6, 1930.)

*Mr. E. L. Bush,* for plaintiffs in error.
*Mr. Chase Stewart* and *Mr. Clem V. Collins,* for defendants in error.

ALLREAD, J.  This action was brought in the court of common pleas to determine the distribution of

the property of the estate of Caroline Halterman. The judgment of the trial court was that the property descended under the provisions of Section 8578, General Code, one half to the father of Caroline Halterman, and the other half to the sister.

Charles Halterman and Caroline Halterman were husband and wife, and both died at the hands of Leo Halterman on the same date. Charles Halterman was possessed, at the time of his death, of a considerable amount of personal property. The exact time of the death of Charles and Caroline Halterman was the subject of a dispute, the courts holding that Caroline survived her husband by a few seconds, and was therefore held to be the heir of Charles, and that his personal property descended to her. It now becomes a question of the descent of the property from the survivor, Caroline.

Charles Halterman and Caroline Halterman were childless, but each had brothers and sisters, and the issue of those deceased. The trial court held that the property descended under the provisions of Section 8578, General Code, and therefore excluded the collateral relatives of Charles Halterman. The relatives of Charles Halterman prosecute error.

It is contended on behalf of the plaintiffs in error that the personal estate descended from Caroline under the provisions of Section 8577, General Code. This section is as follows: "When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of section eighty-five hundred seventy-four, then such estate, real

and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their legal representatives."

If Section 8577 applies to the case at bar, it would necessarily follow that Section 8578 does not apply. We therefore take up the question as to whether Section 8577 applies.

Section 8577 has been the subject of numerous decisions. The first cases of importance were decided shortly after the adoption of the statutes of descent and distribution, of which Section 8577 is one. Two cases, heard together, are to be found in 50 Ohio State, at page 495, 35 N. E., 208, known as the *Stembel* v. *Martin* and the *Stone* v. *Doster cases.* Prominent members of the bar of Ohio were the representatives of the various parties in these cases, and the cases were regarded as of the most importance. Judge Williams delivered the opinion. The case which particularly applies here, the *Stembel case,* is better known as the *Deshler case,* and involved personal property, and the question there was similar to the question here. It was held, after discussing the various statutes referred to, page 523 of 50 Ohio St., 35 N. E., 212, that: "Considering these statutory provisions together, there is little difficulty in giving them a construction which makes them consistent, and effectuates the manifest inten-

tion of the legislature. The act of 1877 is, itself, a legislative interpretation of the statutes in force at the time of its enactment, to the effect that the personal estate of the deceased husband or wife, who died intestate and without issue, came to the relict under section two of the act of 1857. And unless it is so held, the purpose of the supplemental act is, partially at least, defeated. It may be that, in a technical sense, personalty does not pass under section two. But it passes by virtue of the provisions of section four, in accordance with the rules of descent established by section two; and, in that sense, it comes to the relict from his or her former husband or wife 'under the provisions' of the latter section. And it seems clear, that such was the sense in which the supplemental act uses the words, 'under the second section of the act to which this act is supplementary.' "

The substance of this decision was that the personal property of Mrs. Deshler, upon her death, descended under the statute which provided that both the real estate and personal property of Mrs. Deshler descended one-half to her heirs and the other half to the heirs of her husband.

Section 8577 provides for the distribution of real estate and personal property, as provided for under the system of descent and distribution disclosed by Section 8574. Section 8574 refers exclusively to real estate. This has been decided in the case of *Larkins* v. *Routson,* 115 Ohio St., 639, 155 N. E., 227, but nevertheless Section 8574 provides for the system of distribution which is made part of Section 8577. The case of *Guear* v. *Stechschulte, Admr.,* 119 Ohio St., 1, 162 N. E., 46, holds that "W. died

intestate November 29, 1920, without issue, and leaving his widow C. as his only heir at law. C. died intestate January 21, 1926, possessing personal property which came from her husband's estate. *Held,* Such property descended to the widow under the provisions of Section 8574, General Code.''

In the opinion, Judge Matthias holds that, although Section 8574, General Code, provides for the descent of the real estate, yet Section 8577 adopts the provision as a system of distribution. Applying the principle of Judge Matthias' decision to the facts involved in the present case we are of opinion that the personal property which the estate of Caroline Halterman received upon the death of her former husband would descend upon the death of Caroline one-half to her next of kin and one-half to the next of kin of Charles Halterman, deceased.

It is claimed, however, that these decisions do not apply to the present case because the property has already been transformed by the administrator of Charles Halterman, and came to the estate of Caroline Halterman in the form of money. While it is true that the descent of personal property is strictly construed, and that it has been often held that the rule does not apply where the property has been transformed by the owner thereof and reinvested, nevertheless here the transformation of the property acquired from the estate of Charles Halterman in the process of settling the estate, and the proceeds which were paid to the estate of Caroline Halterman, must be held as property being received directly from the estate of Charles Halterman. Property may be received from an estate either directly, as

was the case in *Guear* v. *Stechschulte, supra,* or may be received in a substitute form.

In the *Deshler case, supra,* the statement of facts is as follows, page 515 of 50 Ohio State, 35 N. E., 209: "He [John G. Deshler] died without issue, and intestate, leaving a widow, M. Louise Deshler, who died intestate and without issue, February 12, 1878; and the personal property which came to her from her husband was converted into money by her administrators, who hold it ready for distribution as the court may direct."

And this was the property involved in the *Deshler case.* We can see no distinction in the present case. In fact the principle here is much stronger than in the *Deshler case.* The same person who had killed Charles Halterman also killed his wife, and the time of the decease of the wife was the subject of judicial construction. It is clear that whatever personal property Charles Halterman had descended to his wife, although it was converted in the course of the administration from specific personal property to money. The justice of this decision is apparent. The personal property of Charles Halterman descended to his wife Caroline, and upon her death it would descend under the half and half statute to the heirs of each, as distinguished from a descent to the heirs of Caroline alone.

We therefore hold that the property descends under Section 8577, General Code, one-half to the next of kin of Charles Halterman, the deceased husband, and one-half to the sister of the deceased Caroline Halterman, to wit, Meta O. Wilt. It is contended that Section 8578 of the General Code was amended in 1925, subsequent to the last amendment of Sec-

tion 8577, making it inconsistent therewith. We think, however, there is no more inconsistency in Section 8578 as amended than in the previous provisions of said statute.

The court in the case of *Stembel* v. *Martin, supra,* held that the general statute of distribution of personal property was inconsistent with the statute under construction in that case. We therefore find no reason for deciding that Section 8577 is repealed by the subsequent enactment of 8578.

A question arose in the consideration of the case as to the effect of the amendment of Section 8578 in 1925 providing that the father of Caroline should share with Caroline's sister in the descent of this property. In our view such provision is limited to cases under that section and does not apply to cases under Section 8577.

Judgment reversed, and final judgment rendered for plaintiffs in error in accordance with this decision.

*Judgment reversed.*

Kunkle, P. J., and Hornbeck, J., concur.