[1] Reported in 18 N.W.2d 238.
Appeal from an order of the probate court of Hennepin county determining inheritance tax. Respondent petitioned the court for an exemption of certain inventoried assets of the estate as prior taxed property under Minn. St. 1941, § 291.06 (Mason St. 1940 Supp. § 2293). The court allowed the exemption, whereupon appellant filed objections to the order of assessment and sought a redetermination thereof. The court overruled the objections, redetermined the tax, and allowed the exemption in accordance with the previous order.
The facts were stipulated and may be thus summarized: John Fiske Raynolds died November 3, 1941, leaving an estate in personal property inventoried at $92,235.48. Valeria B. Raynolds, surviving spouse, is the sole legatee. Raynolds' mother, Virginia Adelia Raynolds, died on February 1, 1939. There was transferred to him from the estate of his mother personal property in the form of cash and securities of the appraised value of $87,639.60. In the mother's estate, an inheritance tax was paid upon the assets here involved of inventoried value of $39,866.88. The stipulation provides that these assets are traceable to the estate of the mother. "Traceable" is defined in the stipulation as follows:
"* * * 'traceable,' as used in the foregoing sentence, means that said assets were acquired (a) with cash distributed from the Mother's estate or (b) with proceeds realized upon the disposition by Decedent of non-cash assets of the Mother's estate, distributed to Decedent, or (c) with proceeds realized upon the disposition of other such 'traceable' assets:" *Page 451 
A number of specific items of personal property which were assets in the mother's estate were transferred to the decedent by decree of distribution. They were taxed in the mother's estate and were clearly exempt, but assets totaling $39,866.88 appeared in the decedent's estate and not in the mother's estate. They were acquired by decedent either with cash distributed from the mother's estate or with proceeds realized from other assets which could be traced back to the mother's estate. The issue of law presented to the court below was whether the property, to be exempt, had to be identified as the specific property coming from the prior estate, or whether the exemption included property which, as in the instant case, could be traced to the prior estate. The court determined that the legislature intended to exempt property if it could be traced to the prior estate, and the correctness of that interpretation is challenged upon this appeal.
That part of § 291.06, supra, pertinent to this case, reads as follows:
"Where property is transferred to any person described in section 291.03, clauses (1) and (2), which can be identified as having been transferred to the decedent from a person who died within five years prior to the death of the decedent, and such transfer to the decedent was within the class of transfers described in section 291.03, clauses (1) and (2), such property shall be exempt to the extent of the value thereof at the date of death of the prior decedent."
A child and wife are both within the class of persons described in clause (1) of § 291.03.
By this statute, the legislature intended to exempt from inheritance tax transfers between members of the class designated, in which a beneficiary of a decedent's estate died within five years from the date of the first transfer, provided the property is properly identified as having been transferred from the prior decedent. The burden is on the exemption claimant to bring himself within the statute. Annotation, 114 A.L.R. 1306. To justify the exemption, *Page 452 
three things must be established: (1) The property must be transferred within five years prior to the death of decedent to the person within the class; (2) the inheritance tax must be paid in behalf of the prior decedent; (3) property must be identified as having been received from the prior decedent. In the instant case, the parties are in agreement that the first two requirements have been met. Decedent died within five years of his mother; property of the first estate passed from the mother to the son, and property of the second estate passed from the husband to the wife, and an inheritance tax was paid in the mother's estate. The parties also agree that certain assets having an aggregate appraised value of $39,866.88 are traceable to the mother's estate and are the product of proceeds realized from that estate. We are confronted, therefore, with the narrow issue whether the statute permits tracing of property to the prior estate or requires identification of the exact property distributed therein.
This statute was enacted in 1939 as a part of L. 1939, c. 338. Although identical language is not used, the state law was apparently patterned after the federal statute, Internal Revenue Code, § 812(c), which came into being in 1918 as § 403(a) (2) of the Revenue Act of 1918, 40 Stat. 1098. The federal statute is more explicit than our statute in referring to the allowance of the exemption to property which is changed in form since the death of the prior decedent.[2] The reason for the federal legislation is clearly stated in Rodenbough v. United States (3 Cir.) 25 F.2d 13, 15, 57 A.L.R. 1091, 1095, where the court said:
"* * * Realizing that, unless avoided by legislative provision, the same or substantially the same estate would be twice taxed *Page 453 
when two deaths occur successively within a short time, the Congress enacted the provisions in question with the general purpose or intention to avoid the hardship and inequity of double taxation."
It has been held by the federal courts that the right to a deduction is not restricted to the first transaction wherein there is a substitution of property for the precise property first received. The number of exchanges has been held immaterial as long as the property can be clearly identified as acquired by means of prior taxed property. Rodenbough v. United States (3 Cir.) 25 F.2d 13, 57 A.L.R. 1091, and Annotation, 114 A.L.R. 1309, supra.
Appellant argues that, because the federal statute specifically provides that the exemption shall apply to exchanges of property and the state law is silent on the subject, it indicates an intent of the legislature to restrict the exemption to specific property which can be identified. He contends further that, in order to justify tracing, it is necessary to read into the act language which the legislature purposely omitted, and that, applying the rule of strict construction which is required before an exemption is permitted, the exemption is not authorized under the statute. Appellant presents a strong and persuasive argument in support of this contention, and the issue has not been easy of solution. It is true that courts cannot make exceptions and limitations which the statute does not warrant. Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N.W. 379; State ex rel. Verbon v. County of St. Louis, 216 Minn. 140,12 N.W.2d 193. It is not the function of courts to supply that which the legislature purposely omits or inadvertently overlooks. State ex rel. Verbon v. County of St. Louis, supra. It is likewise true that statutory provisions exempting property from taxation are to be strictly construed and that deductions are allowable only when plainly authorized. In re Estate of Abbott, 213 Minn. 289,6 N.W.2d 466. On the other hand, it is our duty to interpret the statute in the light of its obvious purpose. Mattson v. Flynn, 216 Minn. 354, 13 N.W.2d 11. The fundamental aim of construction is to ascertain and give effect to the intention of the legislature as expressed in the language used. Minn. St. 1941, *Page 454 
§ 645.16 (Mason St. 1941 Supp. § 10933-17); Dennison v. State,215 Minn. 609, 11 N.W.2d 151; Warren v. Marsh, 215 Minn. 615,11 N.W.2d 528.
"* * * 'canons of construction are not the masters of the courts, but merely their servants, to aid them in ascertaining the legislative intent'; and when it is ascertained the statute must be so construed as to give effect to such intention, even if it seem contrary to such rules and the strict letter of the statute." Winters v. City of Duluth, 82 Minn. 127, 129,84 N.W. 788, 789.
A literal construction is not to be adopted contrary to the general policy and object of the statute. United States v. American Trucking Assn. 310 U.S. 534, 60 S.Ct. 1059,84 L.ed. 1345.
It is obvious that the purpose of enacting the state law was identical with that of the federal statute; namely, to prevent double taxation on property passing to spouse and children within five years. In order to effectuate this intention of the legislature, the statute must be given a construction as broad as the intention itself. If we were to adopt appellant's construction, it seems to us the purpose of the legislation would be circumvented. The exemption would be narrowly limited so that it would apply only to specific property transferred from prior decedent. After property is transferred to heirs under a decree of distribution, it often becomes necessary to change the form of investments in order to safeguard the interests of the legatee. If this were done, the exemption would not apply under appellant's interpretation of the statute. We do not believe the legislature intended such a result.
The statute speaks of property "which can be identified as having been transferred to the decedent" from the prior estate. Appellant relies upon the definition of the word "identify" in Funk Wagnalls New Standard Dictionary, 1931, meaning: "To assert, verify, or prove to be absolutely the same," and contends that it is intended by the use of that word that the property must be proved to be exactly the same. We have often stated that it is an unsafe way of construing a statute to divide it by a process of etymological *Page 455 
dissection into separate words, then apply to each thus separated from its context some particular definition given by lexicographers, and then reconstruct the instrument upon the basis of these definitions. International Trust Co. v. American L. T. Co. 62 Minn. 501, 65 N.W. 78; Mattson v. Flynn,216 Minn. 354, 13 N.W.2d 11, supra. We are required to look beyond mere words and inquire into the operation of the statute. State ex rel. Hansen v. Walsh, 188 Minn. 412,247 N.W. 523. The Supreme Court of the United States in United States v. American Trucking Assn. 310 U.S. 534, 543, 60 S.Ct. 1059,1063, 84 L. ed. 1345, 1350, in discussing the problem of construction of a statute, aptly states:
"There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words."
We do not find anything in the meaning of the word "identify" inconsistent with the conclusion we reach as to what the legislature intended. In Webster's New International Dictionary 2d 1934, "identify" is defined as: "To make to be the same; to unite or combine, so as to make one; to treat as being one or having the same purpose or effect; to consider as the samein any relation." (Italics supplied.) The word "identify," therefore, connotes the proving of the property to be the samein any relation. Thus, if the assets are sold or changed in form, it becomes a matter of proving that the proceeds were derived from the identical property in the prior estate. The legislature made the identification of the first decedent's property, whether in original or transmuted form, *Page 456 
a prerequisite to the exemption. By requiring identification before exemption is allowed, it protected the state from loss of revenue. The legislature could have plainly said that the exemption reached only items of specific property in the estate of the second decedent which could be identified as having been transferred to decedent from the prior estate, but it did not choose to restrict the exemption in that manner. It chose, rather, to provide an exemption if the taxpayer was able to prove the identity of the assets in transmuted form by tracing back to the specific property in the prior estate. When that identification is accomplished by competent proof, the intention of the legislature is fulfilled.
Many states have provided for a similar exemption with varying differences in the language of their statutes. Some states have virtually the same provisions as are contained in the federal statute, with specific references to exchanges of property. Other states (California, Oregon, and Texas) have statutes similar to ours providing for exemptions with no specific mention of exchanges or change of form of the property. The Oregon statute uses the word "identify" as in our statute. 3 CCH (7 ed.) Inheritance Estate and Gift Tax Service, p. 49,001. Although we do not have the benefit of any court decisions in these states, there have been administrative interpretations of the statute. The attorneys general of Oregon and Texas have construed the statute as authorizing the tracing of property, 3 CCH (7 ed.) (Or.) Id. p. 49,213-2, § 1772; CCH (Current) (7 ed.) (Tex.) p. 85,128, § 1772; while the comptroller of California has issued regulations authorizing such tracing. 1 CCH (7 ed.) (Cal.) pp. 15,001, 15,252, Rule 293. This interpretation was made despite the rule of strict construction as to exemptions which prevail in those states. Cypress Lawn Cemetery Assn. v. City and County of San Francisco (1931) 211 Cal. 387, 295 P. 813; State ex rel. Harth v. Phipps (1931) 136 Or. 454, 299 P. 1009; Texas Unemployment Compensation Comm. v. Bass (1941) 137 Tex. 1, 5,151 S.W.2d 567, 570. Although we recognize that administrative interpretation is not binding upon the courts, it should receive consideration unless found to be erroneous *Page 457 
and in conflict with the expressed purpose of the act and the intention of the legislature. Mattson v. Flynn, 216 Minn. 354,13 N.W.2d 11, supra. Further, uniformity of interpretation among the several states is desirable. Minn. St. 1941, § 645.22
(Mason St. 1941 Supp. § 10933-23), provides:
"Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them."
The minority opinion cites a portion of § 645.16 (§ 10933-17), to the effect that the letter of the law shall not be disregarded under the pretext of pursuing the spirit. The first sentence of § 645.16 reads:
"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature."
The case of Knauss v. Knauss, 58 Ohio App. 183,16 N.E.2d 483, cited and relied upon by the minority, is not in point. There was there involved a statute relating to descent of property, not one such as we have here, which has for its purpose the prevention of double taxation of the same estate. The courts of Ohio had held that before the statute in question could apply the property involved must be the identicalproperty which came from the deceased spouse to the surviving spouse. The court's reasoning in that case is not persuasive here, where different language and an entirely different type of statute is involved.
Although appellant has advanced a plausible argument in support of his contention, we reach the conclusion, when we view the statute as a whole and in the light of its obvious purpose, that the intent of the legislature is to allow the exemption if the property in decedent's estate can be traced to the property transferred in the prior estate.
Affirmed.
[2] 26 USCA, § 861(a) (2): "An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can beidentified as having been acquired in exchange for property soreceived. * * *" (Italics supplied.)