We find ourselves in disagreement with the majority. We need not go to the dictionaries nor to the derivation of the word "identify," *Page 458 
which so obviously comes from "idem," the same, to conclude that the word was used in the statute as meaning the identical property. Nor do we need to resort to the well-established rule that tax exemptions are to be strictly construed in order to support the commissioner's contention that the exemption does not include "traceable" property, though the definitions, the derivation, and the common usage of the term would normally lead us to his conclusion that the identical property is alone exempt from the imposition of the second tax.
In Knauss v. Knauss, 58 Ohio App. 183, 16 N.E.2d 483, it was held that property substituted for that inherited was not identical with the latter, even though purchased with the proceeds hereof, following Guear v. Stechschulte, 119 Ohio St. 1,162 N.E. 46, where a contention was rejected that "property which came" also covered property received in exchange. In the latter case, the court said (119 Ohio St. 6, 162 N.E. 48):
"If in the provision, 'real estate or personal property which came' to the wife from the husband under this section, there is included property thereafter purchased with the proceeds of the real or personal property which came from the husband, and the only test to be applied is whether it is possible to trace the proceeds of such property left by the husband to some property possessed by the wife at the time of her death, the same rule must be universally applied, regardless of the period of time that may have elapsed, the number of transactions involving the exchanges or purchases of property real or personal, or the extent to which there may have been an intermingling of assets from the property received from the husband's estate with the property owned and possessed by the wife, or the extent of the natural increase and accumulation thereof. Some of thedifficulties are thus indicated which would arise if thestatute under consideration were held to direct that not onlythe property, but the proceeds of the property which came fromthe husband, so far and so long as traceable, should descend and be distributed under Section 8577, General Code. That would be the *Page 459 
effect if interpreted and applied as contended for by counsel for defendants in error.
"We are therefore asked so to construe the language employed by the Legislature as to include that which is not covered by the terms of the statute. Such construction and application of these provisions would have the effect of taking property from the course of descent directed by the clear and express provisions of one statute and placing it in an entirely different course of descent under another statute. That would not be statutory construction: it would be legislation. The court is authorized only to interpret and apply the laws enacted by the Legislature, and, when the language employed is clear and unambiguous, no interpretation is required." (Italics supplied.)
Most persuasive of all is the fact that the federal act had been in force over 20 years when the act of 1939 was enacted; and, very obviously, the legislature was following in part the federal policy in exempting property from a second tax within five years. But the federal act specifically provided for the exemption of property acquired in exchange for previously taxed property. Had it been the "obvious purpose" of the legislature to follow the federal act in its entirety and to include such property, why did it stop short of the full measure of the federal exemption and omit from our law the specific provision which would have made such purpose manifest? In the federal act, our legislature had before it the very words which the majority now read into the act, and it deliberately left them out. It may have had in mind such obvious difficulties in meeting claims of exemption of exchanged property as are suggested by the Ohio court; it may have thought that it went far enough in exempting property that could be identified; but, whatever its reasons, they led it to omit the very words which congress thought necessary to express a purpose to include exchanged property. The legislature need not have exempted any property. It might have exempted the property received in exchange. The property it did exempt it required to "be identified *Page 460 
as having been transferred." Without expanding this phrase by adding to it "or * * * acquired in exchange" for such property, we cannot affirm in this case. As said in Guear v. Stechschulte, supra, it is not for us to legislate. Apparently, if the members of this court had been in the legislature, a majority of them would have voted to include the words of the federal act which were by our legislature omitted; but the constitution places legislative power exclusively in the legislature and forbids it to the courts.
Minn. St. 1941, § 645.16 (Mason St. 1941 Supp. § 10933-17), provides that in construing statutes:
"When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."
The purpose of construction is to remove ambiguity, not to create a synthetic one. Naeseth v. Village of Hibbing,185 Minn. 526, 529, 242 N.W. 6, 7. Nor should we go beyond the plain language of the statute in search of an "obvious purpose."
There is a clear distinction between the application of an exemption from taxation, which must be strictly construed, and an equitable pursuit of property in transmuted form, such as that under consideration in Third Nat. Bank v. Stillwater Gas Co. 36 Minn. 75, 30 N.W. 440.
A clear distinction has always been recognized between the identical and substituted property, depending on the purpose of the legislation in the particular case.
In the case of the heir or owner of property, there is reason for giving the statute a broad construction in order to effect the purpose of the legislature; but in the case of tax exemption the rule of strict construction applies. Even under the rule of broad construction, the Ohio court would not extend the language beyond the clear expression of the statute.
We think there should be a reversal. *Page 461