**Chester M. SHANKLIN, et al., Respondents,**

v.

**COUNTY OF ST. LOUIS, Relator.**

**No. 51691.**

Supreme Court of Minnesota.

July 31, 1981.

Rehearing Denied September 2, 1981.

Alan L. Mitchell, County Atty., Duluth, for relator.

Dennis D. Daly, St. Paul, for respondents.

SHERAN, Chief Justice.

This appeal presents the issue whether Minn.Stat. § 272.68 (1980), which relieves a property owner from paying property taxes on a parcel after the filing of a petition in condemnation by the state or a political subdivision of the state, is applicable to condemnation proceedings instituted by the federal government. We find that it is not. Accordingly, we reverse the decision of the tax court.

The five respondents are all owners of parcels of land located in St. Louis County, ranging from 5.5 acres to 218.75 acres. On June 27, 1977, they commenced an action in the United States Court of Claims contending that these parcels of land had been taken by the public as a consequence of the establishment by congress in 1971 of the Voyageurs National Park and the contem-plated public acquisition of all private land within the boundaries of the park. Con-comitantly, the respondents commenced the action that is the subject of this appeal, claiming that state property taxes on these same parcels were paid in error in 1977 and thereafter. The tax court construed section 272.68 to exempt respondents from paying property taxes after the filing of their peti-tion in condemnation in federal court and ordered that property taxes paid for the years 1977, 1978, and 1979 be refunded with interest to respondents.

*Id.* § 272.68 provides in relevant part:

Subdivision 1. When the state or a political subdivision of the state * * * acquires a fee interest in property before forfeiture, by any means, provision must be made to pay all taxes, including all unpaid special assessments and future in-stallments thereof, unpaid on the proper-ty at the date of acquisition. For the purpose of this section, * * * the date of acquisition shall be the date of the filing of the petition in condemnation. Taxes which become a lien on such property after the date of acquisition and before the condemning authority is by law enti-tled to actually take possession thereof shall, if paid by the owner, be added to the award, and if not so paid, shall be paid by the condemning authority. Tax-es lawfully levied shall not be abated.

\* \* \* \* \* \*

Subd. 2. Property otherwise taxable, which is acquired by subdivisions of government shall remain taxable until the acquiring authority is by law or by the terms of a purchase agreement enti-tled to actually take possession thereof.

The provisions of section 272.68 plainly apply to "the state or a political subdivision of the state" and to no other governmental authority. We cannot construe this statute to be applicable to federal condemnation proceedings, despite the fact that this re-sults in differing treatment of property taxpayers depending upon which govern-mental authority, state or federal, takes their lands. Minn.Stat. § 645.16 (1980); *see, e. g.,* In re *Estate of Raynolds,* 219 Minn. 449, 453, 18 N.W.2d 238, 240 (1945).

However, insofar as the taxpayers may suffer loss of the use of their property by reason of the pendency of the federal condemnation proceedings, there is an available statutory remedy. Minn.Stat. § 278.01, subd. 1 (1980) provides that persons paying taxes on a parcel that "has been assessed at a valuation greater than its real or actual value" may petition for relief.

Reversed.

AMDAHL, J., took no part in the consideration or decision of this case.