In the Matter of the Tax Rate for the Calendar Year 1985 Assigned to the Account of BENJAMIN'S, EDINA, INC., Relator,

v.

DEPARTMENT OF JOBS AND TRAINING, Respondent.

No. C9-86-1130.

Court of Appeals of Minnesota.

Nov. 18, 1986.

James M. Strother, Jonathan G. Lande, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Benjamin's Edina, Inc. appeals from a determination that it is not entitled to the same employer contribution rate as Benjamin's Restaurant & Bakery, Inc., a separate corporation. We affirm.

## FACTS

Relator Benjamin's Edina, Inc. was incorporated in 1983, and operates several restaurants known as "Benjamin's" or "Arnold's." The three individuals who are the directors and shareholders of Benjamin's Edina, Inc., are also the directors and shareholders of two other corporations: Benjamin's Restaurant and Bakery Inc. (located in St. Louis Park) and Benjamin's Restaurant and Bakery of Burnsville, Inc. Two of those same director-shareholders are also officers of all three corporations. Each of the three corporations operates at least one Arnold's and one Benjamin's restaurant.

All receipts and disbursements for all of the Arnold's and Benjamin's restaurants are channeled through Benjamin's Restau-

rant and Bakery, Inc. in St. Louis Park. In addition, all of the restaurant management and direction is handled by the St. Louis Park office. Employees from one restaurant are often temporarily assigned to work at another restaurant or to train employees at a new restaurant. As far as employee transfers are concerned, there are no corporate boundaries. Joint management meetings are held for all Arnold's or Benjamin's personnel, rather than for each individual corporation.

In 1984, Benjamin's Edina, Inc. was added to a "common paymaster" agreement previously existing for Benjamin's Restaurant and Bakery, Inc. and Benjamin's Restaurant and Bakery of Burnsville, Inc. Under this type of unemployment compensation reporting system, two or more related corporations who concurrently employ the same individual may designate one corporation to disburse and report wages and keep the books and records with respect to that individual.

Although Benjamin's Edina, Inc. was added to the common paymaster system, the Department of Jobs and Training determined that the new corporation should not be assigned the same employer contribution rate as Benjamin's Restaurant and Bakery, Inc. (slightly over 1.0), but should be assigned the statutory "new employer" rate of 2.7 percent. Benjamin's Edina, Inc. has appealed, claiming it should be assigned the same employer contribution rate as Benjamin's Restaurant and Bakery, Inc. because the two corporations have a common paymaster system and are essentially the same "employer."

## ISSUE

■ Did the Commissioner erroneously determine that Benjamin's Edina, Inc. should be assigned a separate employer contribution rate?

## ANALYSIS

Under the Minnesota system of unemployment compensation, each "employer" as defined in Minn.Stat. § 268.04, subd. 10 (1986) is required to contribute to an unem-

ployment compensation fund. An employer's contribution rate is set by the Department of Jobs and Training, and is based in part upon the employer's prior experience. Thus, if the employer has maintained a stable employment history, it will be assessed a low contribution rate. In *Easy Street West v. Commissioner of Economic Security*, 345 N.W.2d 250 (Minn.Ct.App. 1984), this court explained the reason for assessing contribution rates according to employment history:

> [T]he contribution rate is designed to place a greater burden on those employers who are unable to maintain a steady pattern of employment.

*Id.* at 256, citing *Neeland v. Clearwater Memorial Hospital*, 257 N.W.2d 366 (Minn. 1977).

■ Because Benjamin's Restaurant and Bakery, Inc. has had a stable history of employment, its contribution rate for 1985 was assessed at slightly over 1.0. Benjamin's Edina, Inc. claims it should be assessed that same contribution rate, basing its claim in part upon the following statutory provision:

> "Employer" means:
>
> \*   \*   \*   \*   \*   \*
>
> (6) Any employing unit which, together with one or more employing units, is owned or controlled \* \* \* directly or indirectly by the same interests, or which owns or controls one or more other employing units \* \* \* and which, if treated as a single unit with such other employing units or interests or both, would be an employer under [the general definition of employer] \* \* \*.

Minn.Stat. § 268.04, subd. 10(6) (1984). Benjamin's Edina, Inc. claims the above provision requires that it be considered together with Benjamin's Restaurant and Bakery, Inc. as one "employer."

This construction of the statute is incorrect. In *El Queeno Distributing Co. v. Christgau*, 221 Minn. 197, 21 N.W.2d 601 (1946), the supreme court explained the purpose of the above provision:

Relators assert that, since under § 268.04, subd. 10, all employing units controlled by the same interests are to be treated as a single unit for the purpose of determining the controlling unit's subjectivity to the act, it must follow that all such units are entitled to the experience rating of the controlling unit. An examination of § 268.04, subd. 10, however, indicates that its purpose is to define the term "employer" in such a manner as to prevent subject employers from escaping liability for contributions under the act by splitting their organizations into various parts (each into smaller units). It has no reference to the objectives here sought by relators.

*Id.* at 201–02, 21 N.W.2d at 603. The court subsequently reaffirmed this reasoning in *Di Re v. Central Livestock Order Buying Co.*, 246 Minn. 279, 74 N.W.2d 518 (1956), and noted:

Ordinarily two or more corporations are considered separate and distinct entities even though the same individuals are the incorporators of, or own stock in, the several corporations, and even though such corporations may have the same persons as officers.

*Id.* at 283, 74 N.W.2d at 523 (footnote omitted).

■ Benjamin's Edina, Inc. also alleges that the several Benjamin's corporations constitute a "joint venture," and therefore should be considered as a single employer under Minn.Stat. § 268.04, subd. 10(7) (1984):

"Employer" means:

\* \* \* \* \* \*

(7) Any joint venture composed of one or more employers as otherwise defined herein \* \* \*.

Because there is no indication that this issue was raised before or addressed by the Commissioner's representative, we will not consider the claim at this level. *See Reserve Mining Co., Babbitt Div. v. Gorecki*, 316 N.W.2d 547, 549 (Minn.1982).

■ Finally, Benjamin's Edina, Inc. points to the following provision to support its claim that it should be assessed the same contribution rate as Benjamin's Restaurant and Bakery, Inc.:

Subd. 21. **Separate account for each employer.** (1) The commissioner shall maintain a separate account for each employer, except as provided in clause (2), and shall credit his account with all the contributions paid by him. \* \* \*

(2) Two or more related corporations concurrently employing the same individual and compensating the individual through a common paymaster which is one of the corporations may apply to the commissioner to establish a joint account or to merge their several individual accounts into a joint account. Upon approval of the application, a joint account shall be maintained as if it constituted a single employer's account. The commissioner may prescribe rules as to the establishment, maintenance and termination of joint accounts.

Minn.Stat. § 268.06, subd. 21 (1984). It is undisputed that Benjamin's Edina, Inc. and Benjamin's Restaurant and Bakery, Inc. are "related corporations" and have a "common paymaster" and "joint account." However, Benjamin's Edina, Inc. claims that the joint account should be the sole account for both corporations, while the Commissioner claims the joint account is only established for those individuals "concurrently" employed by both corporations; separate accounts and employer contribution rates must still be maintained for each corporation.

Although both interpretations of the statute are persuasive, we note that the department has promulgated rules which support the Commissioner's interpretation. For example, Minn.R. 3315.5400 (1985) states:

Each related corporation which is the employer of an individual will be responsible for reporting the individual's wages and remitting the appropriate contributions for calendar quarters where the related group or concurrent employment conditions are not met, regardless of which corporation disburses the wages.

We are not bound by the Commissioner's interpretation of a statute; however, since the statutory language at issue here is ambiguous, we adhere to our practice of according "substantial consideration to the interpretation of the administrators working daily with the problem sought to be remedied." *Goodman v. State, Dept. of Public Safety,* 282 N.W.2d 559, 560 (Minn. 1979). Here, the Commissioner's interpretation is sound. We believe the Commissioner properly determined that Benjamin's Edina, Inc. and Benjamin's Restaurant and Bakery, Inc. must each have a separate account and employer contribution rate, and that the joint account may only be used for those employees who are concurrently employed by both corporations.

Benjamin's Edina, Inc. argues that all of its employees are "concurrently employed" by Benjamin's Restaurant and Bakery, Inc. and may be reported under the joint account. Benjamin's Edina, Inc. points to evidence in the record demonstrating that employees are "borrowed" by or used to "fill-in" at other restaurants, and that there are no corporate boundaries regarding transfers. The Commissioner did not expressly determine which employees are, in fact, concurrently employed by both Benjamin's Edina, Inc. and Benjamin's Restaurant and Bakery, Inc., but found only that a separate account and rate should be established for Benjamin's Edina, Inc.

It is unnecessary at this point to determine which employees are concurrently employed by Benjamin's Edina, Inc. and Benjamin's Restaurant and Bakery, Inc. Those employees who are concurrently employed by both corporations may be reported under the joint account. Any Department challenge to that reporting would appropriately be the subject of an independent proceeding.

## DECISION

The Commissioner properly established a separate account and contribution rate for Benjamin's Edina, Inc.

Affirmed.