James V. GUST, et al., Relators,

v.

MINNESOTA DEPARTMENT OF NATURAL RESOURCES, Commissioner of Jobs and Training, Respondents.

No. C4–91–2250.

Court of Appeals of Minnesota.

June 2, 1992.

Brian T. Hardwick, Hardwick & Mergens, P.A., Roseau, for relators.

Hubert H. Humphrey, III, Atty. Gen., William A. Szotkowski, Sp. Asst. Atty. Gen., St. Paul, for respondent Minn. Dept. of Natural Resources.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent Com'r of Jobs and Training.

Considered and decided by KALITOWSKI, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Relators, who worked as firefighters for respondent Department of Natural Resources (DNR), were denied unemployment benefits on the basis that their services did not constitute covered "employment" under the Minnesota jobs and training laws. Relators obtained a writ of certiorari, challenging the denial of benefits by the Commissioner of Jobs and Training. We affirm.

## FACTS

Respondent DNR is a state agency with offices in Bemidji, Minnesota. Each fire season, the DNR hires "smoke chasers," [1] whose primary job is to suppress or control fires. When they are not fighting fires, the smoke chasers work in lookout towers, maintain firefighting equipment, paint and maintain DNR buildings, cut grass, and plant trees.

Smoke chasers are hired on a seasonal basis only. They usually work from March until June, and from mid-September through October. In the summer of 1990, however, the severe dry weather conditions required that smoke chasers work from March through October. Relators worked for the DNR as smoke chasers in the summer of 1990.

When the 1990 fire season was over, relators applied to the Department of Jobs and Training for unemployment compensation benefits. The Department. granted some of the relators' claims but denied others. Subsequently, a Department referee conducted a joint appeal hearing on all of relators' claims. Following the hearing, the referee issued findings of fact and a decision that relators' work for the DNR constituted covered employment for unemployment compensation purposes.

The DNR appealed to a Commissioner's representative, who reversed the referee's decision. Relators have obtained a writ of certiorari, seeking review of the Commissioner's representative's decision.

## ISSUE

Did the Commissioner's representative err by concluding that relators' work for the DNR was excluded from coverage under Minnesota's unemployment compensation statutes?

---

1. The "smoke chasers" are now called "summer aides."

## ANALYSIS

■ The Commissioner's representative concluded that relators' services for the DNR were excluded from the definition of "employment" for unemployment compensation purposes. The unemployment statutes exclude service performed in the employ of a governmental entity

> if such service is performed by an individual in the exercise of duties * * * as an employee serving only on a temporary basis in the case of fire, storm, snow, earthquake, flood or similar emergency.

Minn.Stat. § 268.04, subd. 12(10)(f)(iv) (1990). Rules promulgated by the Department explain that this statute "applies to employees who are pressed into service during an existing or imminent emergency." Minn.R. 3315.0530, subpt. 5 (1989). The Commissioner's representative concluded that smoke chasers are essentially "emergency firefighters" within the purview of the above-cited statute and Department rule.

This court's review of the Commissioner's decision is governed by Minn.Stat. § 268.12, subd. 13(4) (1990), which provides for review in accordance with the Administrative Procedure Act, Minn.Stat. ch. 14. Minn.Stat. § 14.69 (1990) provides:

> In a judicial review under sections 14.63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:
>
> (a) In violation of constitutional provisions; or
>
> (b) In excess of the statutory authority or jurisdiction of the agency; or
>
> (c) Made upon unlawful procedure; or
>
> (d) Affected by other error of law; or
>
> (e) Unsupported by substantial evidence in view of the entire record as submitted; or
>
> (f) Arbitrary or capricious.

In the present case, the facts are not disputed; the issue is whether those facts support the Commissioner's conclusion that relators worked "on a temporary basis in case of fire * * * or similar emergency" pursuant to Minn.Stat. § 268.04, subd. 12(10)(f)(iv).

This phrase has not been previously construed by the courts. The terms "temporary" and "emergency" have, however, been construed in other contexts. The "most natural and ordinary sense" of the term "temporarily" has been stated to mean "not of long duration, not permanent, but for a short time." *Fischer v. Malleable Iron Range Co.*, 303 Minn. 1, 5, 225 N.W.2d 542, 545 (1975) (in the context of workers' compensation benefits). "As commonly accepted, 'temporary' is an antonym of 'permanent.'" *St. Paul Fire & Marine Ins. Co. v. Nyquist*, 286 Minn. 157, 162, 175 N.W.2d 494, 497 (1970) (in the context of automobile insurance coverage) (quoting *Fleckenstein v. Citizens' Mut. Auto. Ins. Co.*, 326 Mich. 591, 597, 40 N.W.2d 733, 736 (1950)).

"Emergency" has been defined as "any event or occasional combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency; * * * an unforeseen occurrence or condition." *Arnold v. Northern States Power Co.*, 209 Minn. 551, 560, 297 N.W. 182 (1941) (in the context of a negligence claim) (quoting *Wolfinger v. Shaw*, 138 Neb. 229, 236, 292 N.W. 731, 735 (1940)).

> The term "emergency" signifies a "situation which has suddenly and unexpectedly arisen and which requires speedy action." * * * It is the general rule that an emergency exists in situations where immediate action must be taken, essential to the health, safety, or welfare of the community.

*Layne Minn. Co. v. Town of Stuntz*, 257 N.W.2d 295, 300 (Minn.1977) (in the context of municipal liability) (citation omitted).

■ Where the meaning of statutory language is not explicit, the court may consider administrative interpretations of the statute. Minn.Stat. § 645.16(8) (1990). Although an agency's interpretation may be persuasive, it does not preclude a different construction by the courts. *See Benjamin's, Edina, Inc. v. Department of Jobs*

*& Training,* 396 N.W.2d 261, 265 (Minn. App.1986).

In the present case, we find the Commissioner's interpretation persuasive. Relators were hired on a temporary basis, during summer months only. Their primary duty was to fight and control fires in emergency situations.

## DECISION

The Commissioner properly concluded that relators did not perform services in covered "employment" for unemployment compensation purposes.

Affirmed.