Marshall, C. J.
 

 On May 31, 1927, D. B. Sipe, administrator of the estate of Mary ¡3. Eccles, deceased, filed a petition in the court of Morrow county, Ohio, alleging that'he had in his possession as such administrator personal property amounting to $2,645.61, and asking the judgment and direction of the court as to the distribution of said funds. The petition contained .the following allegation:
 

 “All of said property (except her diamond ring,
 
 *185
 
 gold necklace and other personal effects of the probable value of $100) came from the large estate, valued at more than $33,000 willed'to her the sole devisee, absolutely, by her deceased husband, William M. Eccles, who died April 15, 1898,
 
 and is what is left of that estate, or the proceeds and increase and accumulations therefrom
 

 The controversy is between the next of kin of Mary S. Eccles, deceased, and the next of kin of William M. Eccles, deceased.
 

 Mary S. Eccles died intestate September, 1926, without issue, leaving no lawful husband surviving her. The controversy arises out of the interpretation of Section 8577 of the General Code, which provides, in part:
 

 “When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of Section 8574, then such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their legal representatives.”
 

 This case was heard in the Court of Appeals on appeal, and was submitted upon an agreed statement of facts, which were not incorporated in a bill
 
 *186
 
 of exceptions, and the court therefore has for consideration only the allegations of the petition and the judgment entry. Without repeating the judgment' entry verbatim, it is sufficient to say that the court found the allegations of the petition to be true, and adjudged that each line of descent was entitled to one-half of the personal property subject to distribution by said administrator.
 

 The question for determination is whether personal property which is not the identical property bequeathed by the husband to the wife, but which, on 'the contrary, is the proceeds and increase and accumulations of real and personal property devised and bequeathed by the deceased husband to the wife, is subject to division between the next of kin of the husband and wife in equal parts. If it were the identical property received by the wife from the deceased husband, there would be no question as to the correctness of the court’s conclusion. The controversy arises out of the admission contained in the petition that it is only the proceeds and increase and accumulations of the real and personal property devised and bequeathed by the deceased husband to his wife. One difficulty arising out of this record, in the absence of a bill of exceptions, is that the allegation of the petition is in the alternative, viz., “and is what is left of that estate, or the proceeds and increase and accumulations therefrom.” We shall therefore consider and decide this controversy on the theory that the Court of Appeals treated the property, not as being what was left of the estate of the husband, 'but the proceeds and increase and accumulations therefrom.
 

 There is a dearth of authority on this subject. It
 
 *187
 
 is admitted that this' court has never decided the question in any former case. It is argued on the one hand that personal property is not in all instances susceptible of identification, and that, inasmuch .as the Legislature has placed personal property in the same relation as real property under Section 8577, without qualification, the Legislature must have intended that no invariable rule requiring identification was intended. It is argued on the other hand that, inasmuch as the Legislature did not qualify the provisions of the section by stating that not only real and personal property, but the proceeds of such real and personal property, would be subject to distribution in equal shares to the two lines of next of kin, the Legislature must have intended that only the identical real and‘personal property would be subject to distribution in that manner, and that in no case should the proceeds, increase and accumulations thereof be subject to distribution in like manner.
 

 This court has decided the course of .distribution as to real estate purchased .out of the proceeds of personal property left by a deceased husband to his wife in the case of
 
 Russell
 
 v.
 
 Bruer,
 
 64 Ohio St., 1, 59 N. E., 740, in which it was clearly held that the legal title determined the course of descent. While there is not sufficient similarity to cause that case to be decisive of our present controversy, it is at least indicative of the views of this court at that time. In that case it was sought to engraft a trust upon real estate by parol evidence. The statement of facts shows that the.widow had purchased the real estate in question with money acquired from her deceased husband’s estate, which was hers in absolute right.
 
 *188
 
 The evidence tended to show that it was her intention that the real estate so purchased should be divided at her death equally between her own next of kin and the next of kin of her deceased husband. The court held, however, that the evidence was not of sufficient probative force to establish a trust, and that the course of descent is controlled by the legal title. Manifestly it would have been unnecessary to seek to establish a trust, if the proceeds of the property which came to her from her deceased husband could be traced into other property purchased by her out of such proceeds, and the course of descent of such property be regulated by Section 8577. In other words, it had to be decided by this court in that case that property which is not the identical property which came from the deceased consort, but which, on the contrary, is property purchased out of the proceeds of, or accumulations from, such deceased consort’s property, does not descend under Section 8577. In the absence of any binding or even persuasive authority, it seems to this court at this time that the salutary rule should be that, in order that Section 8577 should have application, it must be the identical real and personal property which came from the deceased husband to the wife. Any other rule leads to confusion.
 

 It has been argued that this rule creates. difficult and inequitable situations in certain instances, but it must be answered that it is always in the power of the surviving husband or wife to direct the course of descent and distribution by making a conveyance during lifetime, or by devise or bequest in a last will and testament.
 

 
 *189
 
 The judgment of the Court of Appeals must therefore he reversed.
 

 Inasmuch as this court has no hill of exceptions, it is deemed best to remand the cause to the court of common pleas for further proceedings in accordance with this opinion.
 

 Judgment reversed and cause remanded.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.