Matthias, J.
 

 The sole question before this court for consideration and decision is whether, in making the computation of the income yield of the shares of common stock of the Standard Oil Company held by the estate of Ashton G. Bean in the year 1935, the statute requires that there should be included the market value of 138 shares of common stock of the Mission Corporation which were received by the estate as a dividend on shares of common stock of the Standard Oil Company in the year 1935 in addition to the cash dividend from the same source.
 

 Both the Court of Common Pleas and the Court of Appeals held that the shares of common stock of the Mission Corporation, which were distributed as a dividend to the holders of shares of common stock of the Standard Oil Company, were not to be considered as and included in the income yield of the shares of common stock of the Standard Oil Company. The question presented calls for and must be determined by an interpretation of the provisions of Section 5389, General Code, the pertinent portion of which is as follows:
 

 “ ‘Income
 
 yieldy
 
 as used in Section 5388 of the General Code and elsewhere in this title means the aggregate amount paid as income by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year, and includes the following:
 

 “In the case of an obligation bearing interest, the amount of interest separately charged and paid during such year, if any, exclusive of payments on the principal;
 
 in the case of shares of stock, the cash dividends so paid
 
 * * (Italics ours.)
 

 The specific language of the statute to be construed
 
 *380
 
 and applied in the determination of the issue presented is concisely stated:
 

 “ ‘Income yield’
 
 * * *
 
 includes the following:
 

 “* * * in the case of shares of stock, the cash dividends so paid * *
 

 Numerous decisions from this and other jurisdictions have been cited by counsel, but we find them of little assistance in the solution of the question submitted. The application of well-established legal principles of statutory construction is all that is required. It is elementary that the authority of courts to interpret a duly enacted statute is invoked when there is some apparent ambiguity in its terms and that there ' is no occasion for resorting to rules of statutory interpretation if the language of the statute is plain and unambiguous and conveys a clear and definite meaning. It must be constantly kept in mind that courts have no legislative authority. It is the province of the courts only to construe and apply statutes. They are not authorized to enact, repeal or amend them. That is the function of the legislative branch of the government. If that which is enacted is not prohibited by the Constitution, the judgment of the Legislature is final and conclusive. It is, therefore, not the function of the court to determine and announce what, in its judg,ment, the statute under consideration should provide, but to ascertain, if there be ambiguity in its terms, what it does provide. 37 Ohio Jurisprudence, 490
 
 et seq.,
 
 Section 268
 
 et seq.,
 
 and cases cited.
 

 Though the distribution of shares of stock of another corporation, just as the corporation’s distribution of its own capital stock from earnings or surplus, may constitute income in the hands of the shareholder, the question presented here is not whether the distribution made is income, but whether it comes within the statutory definition and limitation of
 
 “cash
 
 dividend.” Numerous cases cited and relied upon refer to other forms of distribution as possessing the characteristics
 
 *381
 
 of or as being the same as or equivalent to cash dividends. It is of commanding if not controlling importance that the statute under consideration is one imposing taxes upon classes of property specifically enumerated. A well-established rule of construction particularly applicable here is that in the construction and application of taxing statutes their provisions cannot be extended by implication beyond the clear import of the language used; nor can their operation be so enlarged as to embrace subjects not specifically enumerated. A strict construction is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed. 38 Ohio Jurisprudence, 725, Section 15;
 
 Gould
 
 v.
 
 Gould,
 
 245 U. S., 151, 62 L. Ed., 211, 38 S. Ct., 53;
 
 City of Cincinnati
 
 v.
 
 Connor,
 
 55 Ohio St., 82, 44 N. E., 582;
 
 Mutual Life Ins. Co. of New York
 
 v.
 
 State,
 
 79 Ohio St., 305, 87 N. E., 259;
 
 Cassidy
 
 v.
 
 Ellerhorst,
 
 110 Ohio St., 535, 144 N. E., 252, 42 A. L. R., 372;
 
 Caldwell
 
 v.
 
 State,
 
 115 Ohio St., 458, 154 N. E., 792.
 

 We have seen that Section 5389, General Code, undertakes to define “income yield” as used in Section 5388, General Code, and as applied to the specific investments referred to therein. With reference to shares of stock, it is “the cash dividends so paid.” It certainly would be a misinterpretation and a clear violation of the rule above stated to hold that, by the use of the word “includes,” followed by a specification of “cash dividends,” which is the common and usual form of income from stock investments, it was intended that anything other than that stated should be accounted as “income yield.” The principle of
 
 ex-pressio unius est exclusio alterius
 
 applies.
 

 It is to be observed that Section 5323, General Code, and Section 5389, General Code, were, as'enacted June 11, 1931, included in the Intangible Property Tax Law (114 Ohio Laws, 714). The use of the word “includes” in Section 5323, General Code, followed by an
 
 *382
 
 enumeration of taxable investments indicates that in tbe subsequent section (5389) tbe word “includes” was also used as definitive. Any other interpretation would result in extending the provisions of the statute and embrace matters not specifically set forth.
 

 The argument that anything received which can be reduced to cash is equivalent to-cash, and therefore is cash, and hence, when received as a distribution in the form of a dividend, should be taxed as a “cash dividend,” is an argument which might well be addressed to the Legislature to secure an amendment to the statute. A similar argument was ineffective in this court in the cases of
 
 Guear
 
 v.
 
 Stechschulte, Admr.,
 
 119 Ohio St., 1, 162 N. E., 46, and
 
 Wilson
 
 v.
 
 Eccles,
 
 119 Ohio St., 184, 162 N. E., 797. The construction and effect of Section 8577, General Code (now Section 10503-5) were there under consideration by the court. It was held that under its terms that statute had application only to identical property which came to an intestate from a former deceased husband or wife, and that property thereafter acquired by purchase, though with the proceeds of the property which had come from the former deceased husband or wife, was not within the terms of that section or distributable in accordance with its provisions. Certainly under the rule applying to the construction of taxation statutes heretofore stated no less strictness should be observed.
 

 It is our conclusion that “income yield” from shares of stock is limited by the specific provisions of the statute to “cash dividends,” and hence does not include distribution in the form of shares of stock of. another corporation. It follows that the judgment of the Court of Appeals should be in all respects affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.