Zimmerman, J.
 

 Those parts of the Intangible Tax Law of Ohio which are pertinent read as follows:
 

 “Section 5388. * # * In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, excepting as otherwise provided in this chapter, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield; * *
 

 “Section 5389. *
 
 * *
 
 ‘Income yield’ as used in Section 5388 of the General Code and elsewhere in this title means the aggregate amount paid
 
 as income
 
 by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year, and includes the following:
 

 “ * * * in the case of shares of stock, the cash dividends
 
 so paid; *
 
 * (Italics ours.)
 

 It is appellant’s contention that the definition of “income yield” in Section 5389, General Code, as applied
 
 *79
 
 to the present ease, contemplates cash dividends paid as income earnings on capital investment, and does not include return of capital to a shareholder in the form of a cash distribution from a segregated paid-in-surplus account consisting wholly of capital.
 

 On the other hand, the position of the appellee Tax Commissioner is that all the dividends paid to the appellant in cash during the tax years in question,
 
 vis.,
 
 1935 and 1936, were clearly an income to him, and since they were paid in cash the mandatory language of the statute required that they be included in the measure of the taxable value of the shares.
 

 The proposition is well established that taxing statutes are to be strictly construed in favor of the citizen on whose property the burden of taxation is sought to be imposed.
 
 Watson, Jr., Exr.,
 
 v.
 
 Tax Commission,
 
 135 Ohio St., 377, 381, 21 N. E. (2d), 126, 128. And the General Corporation Act of Ohio recognizes and sanctions the distribution of capital from a paid-in-surplus account in the form of dividends when notification of that fact is given to the affected shareholders. Section 8623-38
 
 (a)
 
 and
 
 (d),
 
 General Code; Gates Ohio Corporation Law Practice Forms (3 Ed.), 64, 67, 234, Sections 48, 49, 138.
 

 The record before us indicates a situation where in 1932 a corporation desired an additional amount of surplus to present a favorable statement. To accomplish this result, the shareholders agreed to a reduction in the par value of the common shares. The amount realized from such action was transferred to a capital surplus account and segregated. As business conditions changed it became feasible to make restitution to those shareholders whose shares had been reduced from a stated value of $100 to $25. This was in the nature of a return to them of a portion of their original capital investment.
 

 No chicanery or legerdemain is apparent in the procedure followed for the purpose of enabling the com
 
 *80
 
 mon shareholders to evade the taxes imposed under the Ohio Intangible Tax Law.
 

 Our interpretation of Sections 5388 and 5389, General Code, corresponds with that of the appellant. In relation to the pending case the term “income yield” means distribution from earnings and does not embrace the return of capital.
 

 The case of
 
 Watson, Jr., Exr.,
 
 v.
 
 Tax Commission, supra,
 
 does not dispose of this controversy. It was there held that a stock dividend was not a cash dividend and therefore was not included within the statutory definition of “income yield.” The court did not consider or decide whether a cash distribution from a paid-in-surplus account consisting of capital should be treated as “income yield.”
 

 Other cases from foreign jurisdictions cited by the appellee are not persuasive. None of them deal with the taxability as income of payments made from a purely capital account disconnected with earnings derived from usual business operations.
 

 Upon the basis of the views expressed, the decision of the Board of Tax Appeals is reversed.
 

 Decision reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart and Bettman, JJ., concur.
 

 Williams, J., dissents.