Taft, J.
The property involved, if “subject to taxation,” was so subject only because it was “personal property located and used in business in this state.” See Section 5328, General Code. It was located in Ohio. Whether it was “used in business” in Ohio depends upon the provisions of Section 5325-1, General Code, reading:
“Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in con *204 nection with ordinary or. special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or Icept on hand as material, parts, products or merchandise; but merchandise or agricultural products belonging to a nonresident of this state shall not be considered to be used in business in this state if held in a storage warehouse therein for storage only. Moneys, deposits, investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be ‘used’ when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether in this state or elsewhere. ‘Business’ includes all enterprises of whatsoever character conducted for gain, profit or income and extends to personal service occupations.” (Emphasis added.)
Appellant contends that Goodrich was not a “nonresident” within the meaning of the foregoing statute. It may be that Ohio can treat a foreign corporation qualified to do business in Ohio, such as Goodrich, as a resident of Ohio for purposes of taxation. However, the question here is whether, in the absence of the expression of a contrary legislative intention, a corporation incorporated under the laws of another state will or will not generally be described by the use in a statute of the word “nonresident.” In our opinion, it will. See Humphreys, Exr., v. State, 70 Ohio St., 67, 70 N. E., 957, 101 Am. St. Rep., 888, 65 L. R. A., 776; Cleveland-Cliffs Iron Co. v. Madigan, Treas., 17 C. C. (N. S.), 340, 32 C. D., 177 (affirmed without opinion, 88 Ohio St., 533, 106 N. E., 1067); National Cash Register Co. v. Evatt, Tax Commr., 145 Ohio St., 597, 603, 62 N. E. (2d), 327; National Distillers Products Corp. v. Glander, Tax Commr., 150 Ohio St., 229, 80 N. E. (2d), 863; C. F. Kettering, Inc., v. Evatt, *205 Tax Commr., 144 Ohio St., 419, 59 N. E. (2d), 370. A similar contention was made by the Tax Commissioner in General Cigar Co., Inc., v. Peck, Tax Commr., 159 Ohio St., 152, 111 N. E. (2d), 265, bnt no reference to that contention was made in the majority opinion apparently because it was regarded as having so little merit. Appellant concedes that there is no express statutory guidepost with respect to that word as used in Section 5325-1, General Code.
Appellant next contends that the property involved was not held “for storage only” within the meaning of Section 5325-1, General Code, because Goodrich was holding some of it for sale and some of it for use as material.in manufacturing tires. In support of this contention, it is argued that Section 5325-1, General Code, should be construed in pari materia with Section 5370, General Code.
It may be observed that property is never placed in storage by its owner unless the owner intends to use it in some way later on. Therefore the statutory provision involved would be meaningless if given a construction such as contended for by appellant. Likewise, we believe the decision of this court in General Cigar Co., Inc., v. Peck, Tax Commr., 159 Ohio St., 152, 111 N. E. (2d), 265, necessarily disposes of any such contention.
Appellant concedes that all the property involved, except certain tire cord, was “merchandise” within the meaning of the so-called exception from the definition of “used in business” in Section 5325-1, General Code. The word “merchandise” could describe this tire cord if that word is not given a restricted meaning, because the tire cord was in saleable form, although it would generally be purchased only by tire manufacturers such as Goodrich and was apparently held by Goodrich for use in its manufacturing operations both in and out of Ohio.
*206 Section 5325-1, General Code, does state that “personal property shall be considered to be ‘used’ * * * when stored or kept on hand as material, parts, products or merchandise.” Obviously, this tire cord was “personal property * * * stored [and] * * * kept on hand as material * * * [or] products” even though it might also be said to be “stored or kept on hand as * * * merchandise.” Although the statute thereafter states that “merchandise or agricultural products belonging to a nonresident * * * shall not be considered to he used in business * * * if held in a storage warehouse * * * for storage only,” that part of the statute says nothing about “material” or nonagricultural products, and is silent as to whether the word “merchandise,” as used in this so-called exception, should include merchandise which could he described also as material or as products. As we view it, whether “merchandise” is so construed, will depend upon whether that word is to be construed in favor of or against the taxpayer.
It has often been said in effect that, if there is any ambiguity in a statute defining the subjects of taxation, such ambiguity must be resolved in favor of the taxpayer. Shafer v. Glander, Tax Commr., 153 Ohio St., 483, 92 N. E. (2d), 601; Caldwell v. State, 115 Ohio St., 458, 461, 154 N. E., 792; Donkel v. Evatt, Tax Commr., 138 Ohio St., 76, 32 N. E. (2d), 841. Thus, in paragraph one of the syllabus in McNally v. Evatt, Tax Commr., 146 Ohio St., 443, 66 N. E. (2d), 633, it is said:
“A statute which authorizes the levying of a tax will be construed strictly against the taxing authority. The intention to tax must be clearly expressed, and any doubt as to such intention will be resolved in favor of the taxpayer. ’ ’
This rule of construction has also, been applied generally with respect to exceptions which may be speci *207 fied in defining such subjects of taxation. Stephens, Trustee, v. Glander, Tax Commr., 151 Ohio St., 62, 84 N. E. (2d), 279; Zangerle, Aud., v. Standard Oil Co., 144 Ohio St., 506, 520, 60 N. E. (2d), 52; Bowman v. Tax Commission, 135 Ohio St., 295, 304, 20 N. E. (2d), 916; Kroger Grocery & Baking Co. v. Glander, Tax Commr., 149 Ohio St., 120, 129, 77 N. E. (2d), 921.
If the tire cord involved in the instant case wás subject to taxation, it must be because of the provisions of Section 5328, General Code, reading:
“* * * All personal property located and used in business in this state * * * shall be subject to taxation.” (Emphasis supplied.)
Whether this tire cord was “used in business” within the meaning of Section 5328, General Code, depended in turn upon whether it came within the meaning of those words as defined in Section 5325-1, General Code.
Since, as hereinbefore mentioned, there is an ambiguity in the statute, so far as it relates to the meaning of the word “merchandise” in the so-called exception specified in defining the words “used in business,” it would seem to follow that that ambiguity should be resolved in favor of the taxpayer Goodrich.
However, appellant contends that there are decisions of this court which establish a rule,of statutory construction that exceptions in taxing statutes are to be strictly construed against the person relying upon such exceptions. In support of this contention, appellant refers to National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407, 105 N. E. (2d), 648, and Cleveland-Cliffs Iron Co. v. Glander, Tax Commr., 145 Ohio St., 423, 62 N. E. (2d), 94.
Standing alone, paragraph two of the syllabus of the National Tube Co. case appears to support that contention. However, as stated on page 409 in the opinion, the reason for applying such a rule in that *208 case was the provisions of Sections 5546-2 and 5546-26, General Code, providing for a “presumption * * * that every sale or use of tangible personal property in this state is taxable.” See also paragraph three of the syllabus in State, ex rel. Foster, v. Evatt, Tax Commr., 144 Ohio St., 65, 56 N. E. (2d), 265, involving the same statutory situation. In the instant case, there is no similar statutory presumption to justify the rule applied in those two cases.
Likewise, paragraph three of the. syllabus in the Cleveland-Cliffs Iron case appears on a casual reading to support appellant’s contention. That paragraph reads:
“The provision of any statute which purports to except certain property from general provisions governing taxation is a measure of exemption and laws relating to exemption of property from taxation being in derogation of equal rights are strictly construed.” That case involved the taxation of certain tangible personal property which was taxable by reason of the provisions of Section 5328, General Code, as personal property located and used in business in this state. The question considered arose under Section 5388, General Code, which provided in part:
“Excepting as herein otherwise provided, personal property shall be listed and assessed at seventy percentum of the true value thereof, in money *' #
Subsequent provisions of that statute were in part as follows:
“Personal property of the following kinds, used in business, shall be listed and assessed at fifty percentum of the true value thereof in money * * *:
“ (2) * * * articles * * * held by a manufacturer for the purpose of being used, in whole or in part, in manufacturing; * * * articles * * * manufactured * *
The case therefore involved a situation where the property was, under the statutes defining the subjects *209 of taxation, taxable. Under other statutes, such property was taxable at 70 per cent except when it came within a particular definition in which event it was taxable at 50 per cent. In such an instance, it is arguable as this court held in that case that, to the extent that the property was taxable at less than 70 per cent, it was exempt from taxation. Regarding the provision for such lesser taxation as an exemption provision, the court construed it against the person claiming the exemption. It may be observed that, although that case has often been cited to this court, it has been judicially noticed by the court in a majority opinion only once.
The writer of this opinion has difficulty in reconciling paragraph three of the syllabus in the Cleveland-Cliffs Iron Co. case with the decisions and reasons given therefor in Stephens, Trustee, v. Glander, Tax Commr., supra; Zangerle, Aud., v. Standard Oil Co., supra; National Distillers Products Corp. v. Glander, Tax Commr., supra; Eastern Machinery Co. v. Peck, Tax Commr., 160 Ohio St., 144, 149, 114 N. E. (2d), 55; Miller v. Peck, Tax Commr., 158 Ohio St., 17, 106 N. E. (2d), 776; and General Cigar Co., Inc., v. Peck, Tax Commr., supra.
However, in the instant case, it is apparent that the so-called exception in Section 5325-1, General Code, does more than “except certain property from general provisions governing taxation.” It specifically provides that “merchandise * * * belonging to a nonresident * * * shall not be considered to be used in business * * * if held in a storage warehouse * * * for storage only.” Those words clo not represent a mere exception of “property from taxation.” They represent a positive statement that certain described property ‘ ‘ shall not be considered to be used in business” so as to be a subject of taxation.
Appellant contends that the decision of this court in National Distillers Products Corp. v. Evatt, Tax *210 Commr., supra, is inconsistent with the decision by this court in General Cigar Co. v. Peck, Tax Commr., supra, and with the decision of the Board of Tax Appeals-in the instant case. Although Section 5325-1, General Code, was considered and relied upon in the decision in the National Distillers Products Corp. case, it does not appear from the report of that case that any contention was made that the property there involved was “merchandise or agricultural products belonging to a nonresident of this state * * * held in a storage warehouse therein for storage only” and for that reason should “not be considered to be used in business.” A reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon at the time of the adjudication. State, ex rel. Gordon, City Atty., v. Rhodes, Mayor, 158 Ohio St., 129, 107 N. E. (2d), 206.
There is much force to the argument of the Tax Commissioner that the decision of the Board of Tax Appeals will discriminate against domestic corporations and against residents of Ohio. However, such an argument should be addressed to the General Assembly and not to this court. This court is not responsible for the statutory language or for any ambiguities therein. We believe it would only complicate the construction of statutory language to bend the usual rules of statutory construction applied herein so as to give a meaning to the legislative language which we may believe the General Assembly should have expressed.
Since the decision of the Board of Tax Appeals does not appear to be either unreasonable or unlawful, it is affirmed.

Decision affirmed.

Wetgandt, C. J., Hart and Stewart, JJ., concur.
Middleton, J., concurs in paragraphs one, two and four of the syllabus and in the judgment.