Taft, J.
From the foregoing facts, it is apparent that the ultimate question to be determined is whether shares of stock received as a stock dividend are within the meaning of Section 10503-5, General Code, part of the “identical * * * personal property” which had theretofore been the shares of stock upon which such stock dividend had been declared. If they are, the judgment of the Court of Appeals must be reversed. If they are not, the judgment must be affirmed.
It might be argued that, in view of the fact that almost everything changes in some way with the passage of time, an item of property at one time will necessarily not be the “identical” property at any subsequent time. If such an argument were sustained, Section 10503-5, General Code, could probably never be applicable. It is apparent therefore that, unless we determine that the General Assembly intended this statute to be meaningless, a strict literal meaning can-note be ascribed to its use of the word “identical.”
The word was first inserted in this statute in 1941 (119 Ohio Laws, 396). Prior thereto, this court had held in 1919 that the statute was not applicable to property purchased by the relict even though it was purchased with proceeds received by the relict from property left to the relict by a deceased spouse of the relict. Guear v. Stechschulte, Admr., 119 Ohio St., 1, 162 N. E., 46. The practical difficulties in tracing property of the deceased spouse left to the relict into property purchased by the relict were given as a reason for the decision. A similar decision was made on the same day in Wilson v. Eccles, 119 Ohio St., 184, 162 N. E., 797. In the first of those two cases, the opinion states that the statute only applied to the “identical” property received by the relict from a deceased spouse, and in the second case that requirement is incorporated in the syllabus. Those two decisions represented a departure from the law as announced by the *414 Hamilton County District Court in Tarvin v. Broughton, 8 Dec. Rep., 451 (as indicated by the report of that case, it was affirmed by the Supreme Court without report. See also 12 Weekly Law Bulletin, 264, so indicating), and followed and applied by the Hamilton County Common Pleas Court in In re Estate of McDermott, 13 Ohio Dec., 390. Apparently, therefore, the subsequent action of the General Assembly, in amending the statute by the addition of the word “identical,” represented merely the approval by the General Assembly of the two later decisions of this court and its rejection of this court’s earlier decision which had been made without report.
Certainly any such difficulties in tracing as were stressed as a reason for the decision in the Guear case are not involved in the instant case.
It could be argued that, even without a stock dividend, if the articles of incorporation or regulations of a corporation are substantially changed, the shares of stock of the corporation are not, after such substantial change, either the identical property which they were before the change or shares in the identical property in which they were shares before such change. In the instant case, the books of the corporation were changed so as to transfer from surplus available for payment of cash dividends an amount equal to five dollars for each share issued as a stock dividend. However, the books of the corporation could have been so changed by appropriate corporate action without providing for the issuance of any additional shares of stock and without disturbing the outstanding certificates for shares. In such an instance, would it be contended that the 1,350 shares which Mr. Bassett bequeathed to Mrs. Bassett ceased to be the identical property which she received from him! See Towne v. Eisner, Collr., 245 U. S., 418, 426, 62 L. Ed., 372, 376, 38 S. Ct., 158, 159. Such a contention would appear to have no more merit *415 than a contention that a farm bequeathed by a deceased spouse to his relict ceased to be the identical real estate because she built a new barn on the farm, or even because the house located on the farm burned down; or than a contention that an automobile bequeathed by a deceased spouse to his relict ceased to be the identical personal property because the tires had worn out and been replaced by new tires.
It is true that, after the stock dividend in the instant case, Mrs. Bassett had certificates for 4,050 shares and not only certificates for 1,350 shares. However, those certificates were merely evidence of the ownership of her intangible property interests in the corporation. Section 10503-5, General Code, does not mention identical evidence of ownership of real estate or personal property, but it does have provisions for “identical real estate or personal property.” .A change with respect to the evidence of ownership of property does not require the conclusion that it is not the identical property which it was before such change.
In our opinion, therefore, the decision in the instant case depends upon the answer to the question as to what “property” is owned by the holder of a share of corporate stock. If, as appellees argue, it is only such a share that is the property owned, then the additional shares received by Mrs. Bassett are not the property bequeathed to her by her husband. On the other hand, if such a share of stock merely represents or is a fractional part or a portion of or a share in some other property (which, in the case of common shares of one class such as involved in the instant case, might be described for convenience as the proprietary interest of the owners of the corporation) and such other property is the identical property after a stock dividend that it was before such stock dividend, then those additional shares will only represent or be a fractional part or a portion of or share in such identical *416 property.. If tlie stock dividend does not increase or decrease the shareholder’s fractional part or portion of or share in such identical property, then it is obvious that the property owned by the shareholder immediately after a stock dividend will be the “identical” property which he owned immediately before the stock dividend. To use a simple example, consider a corporation which has only three shares and issues a stock dividend of one share for each of its three outstanding shares. If it is only the share that is the “property” owned, then obviously the additional share received by the holder of one share is not the “identical * * * property” which was owned by that shareholder before the stock dividend. On the other hand, if a share of stock merely represents or is a fractional part or a portion of or share in some other property, which might be described for convenience as the total proprietary interest of the owners of the corporation, and there is no change in such other property by reason of the stock dividend, then the additional share will represent or be a one-sixth fractional part or portion of or share in such identical property. After the stock dividend, the original share will represent a one-sixth share in the same property instead of the one-third share which it represented before the stock dividend. It is obvious that the two one-sixth shares of the identical property will represent or amount to the identical property which had been represented before the stock dividend by the one-third share of that identical property.
We believe that precedent fully sustains the conclusions that (1) a share of stock merely represents or is a fractional part of some other property and (2) such other property is the identical property immediately after a stock dividend that it was immediately before such a dividend. Lamb v. Lehmann, Trustee, *417 110 Ohio St., 59, 143 N. E., 276; Gibbons v. Mahon, 136 U. S., 549, 34 L. Ed., 525, 10 S. Ct., 1057; Towne v. Eisner, supra; Eisner, Collr., v. Macomber, 252 U. S., 189, 64 L. Ed., 521, 40 S. Ct., 189, 9 A. L. R., 1570.
It is true, as appellees contend, that in those eases it was only decided that a stock dividend was not “income” either as between a life tenant and remainder-man or for purposes of taxation. However, the eminent jurists who concurred in those decisions based them upon the conclusion that a shareholder has no property interests after a stock dividend which he did not have before. If that conclusion is sound, then it necessarily follows that in substance the property interests of a shareholder by reason of his ownership of shares of corporate stock are, immediately after a stock dividend, identical with those which he had immediately before such dividend.
For example, it was stated by Mr. Justice Gray in the opinion in Gibbons v. Mahon, supra, at 559:
“A stock dividend really takes nothing from the property of the corporation, and adds nothing to the interests of the shareholders. Its property is not diminished, and their interests are not increased. After such a dividend, as before, the corporation has the title in all the corporate property; the aggregate interests therein of all the shareholders are represented by the whole number of shares; and the proportional interest of each shareholder remains the same. The only change is in the evidence which represents that interest, the new shares and the original shares together representing the same proportional interest that the original shares represened before the issue of new ones.”
The foregoing statement is quoted with approval in the opinion in Lamb v. Lehmann, supra, at 75, 76.
Also, it was stated by Mr. Justice Holmes in the *418 opinion in Towne v. Eisner, supra, at 426, 427 (L. Ed. at 376), after quoting with approval the above quotation from Gibbons v. Mahon, supra:
“In short, the corporation is no poorer and the stockholder is no richer than they were before. * * * his old and new certificates together are worth only what the old ones were worth before. If the sum had been carried from surplus to capital account without a corresponding issue of stock certificates, which there was nothing in the nature of things to prevent, we do not suppose that anyone would contend that the plain-lift had received an accession to his income. Presumably his certificate would have the same value as before. Again, if certificates for $1,000 par were split up into ten certificates each, for $100, we presume that no one would call the new certificates income. What has happened is that the plaintiff’s old certificates have been split up in effect and have diminished in value to the extent of the value of the new.”
We agree with the appellees’ contention that, by reason of his ownership of a share of stock, a shareholder is the owner of intangible property and that property may be said to be comprised of various relationships which are determined by the terms of the stock certificate, the articles and regulations of the corporation and the statutes and common law of the state of incorporation. As appellees state, after referring to 1 Davies, Ohio Corporation Law, 407, Section 8623-21 (2) (see also Jones, Aud., v. Davis, 35 Ohio St., 474, 477; Bradley v. Bauder, 36 Ohio St., 28, 35, 38 Am. Rep., 547; Lee, Treas., v. Sturges, 46 Ohio St., 153, 161, 162, 19 N. E., 560, 2 L. R. A., 556; Eisner v. Macomber, supra, at 208), these relationships may include one or more of the following, at least where, as in the instant case, common shares are concerned:
1. The right to vote.
*419 2. The right to participate in dividends.
3. The right to participate in any distribution of net assets upon a reduction of capital or upon dissolution or liquidation.
1. The right to inspect the corporate books.
5. The right to subscribe for any additional shares offered by the corporation.
6. The right to bring a shareholder’s derivative suit.
7. The duty to pay the corporation the amount of consideration for which the shares were authorized to be issued.
Reverting to the simple case of a corporation having three shares of common stock which declares a stock dividend of one share for each share outstanding, let us consider what, if any, effect such a stock dividend will have on the relationships comprising that intangible property which a holder of one of those shares has.
Before the stock dividend, his voting power was one-third. After the dividend, his voting power is the same because two-sixths equals one third.
If the directors should declare a dividend, he will be entitled to two-sixths or one-third of what is set aside for that dividend, the same proportion to which he had been entitled before the stock dividend.
His right to participate in any distribution of net assets upon a reduction of capital or upon dissolution or liquidation after the stock dividend will be a right to participate to the extent of two-sixths or one-third of the distribution. That is the same right he had before the stock dividend.
Obviously he lias no greater right to inspect the corporate books or to bring a shareholder’s derivative suit after the stock dividend than he had before the stock dividend.
After the stock dividend he would have a right to *420 subscribe for two-sixths or one-third of any additional shares offered by the corporation. He had the same right before the stock dividend.
Assuming that the seventh of the above-listed relationships might have some bearing on the intangible property which a shareholder has by reason of his ownership of a share of stock, that particular relationship cannot be involved in the instant case where all the shares involved are fully paid shares.
Appellees refer to no other relationship or element which might be comprised in the intangible property owned by a shareholder by reason of his ownership of a share of corporate stock and which might be changed by reason of a stock dividend thereon.
It is apparent therefore that a stock dividend such as involved in the instant case will not vary or change any of the relationships which may comprise the intangible property which a shareholder owns by reason of his ownership of corporate shares. If the relationships which comprise the property which he owns are not changed by a stock dividend, how can it be said that the property which a shareholder owns immediately after a stock dividend by reason of his ownership of corporate shares is not the identical property which he owned immediately before that stock dividend?
In support of their contention that it is only the shares of stock that are property and that those shares are not merely shares of some other property, appellees rely on Section 8623-30, General Code (Section 1701.34, Revised Code), which states “the shares of every corporation shall be personal property.” It is also true that an undivided one-lialf interest in' an automobile is personal property. However, if the two owners of the automobile agree that each can if he wants sell half of his interest in the automobile, does one of those owners of the automobile cease to have *421 the identical property merely because he has two one-quarter interests one of which he can sell, instead of one one-half interest in the automobile? The very word “share” connotes that it is a part, portion or share in something else. Such a conclusion is fortified by the provision of Section 8623-21, General Code (Section 1701.25, Revised Code), that “except as otherwise lawfully provided, each share with or without par value shall be in all respects equal to every other share of the same class.” Thus, for example, if a corporation has three shares of stock outstanding, each of those three is “to be in all respects equal to every other share.” This indicates that, with respect to such a corporation, each of such three shares is to represent an undivided one-third interest in some other property which, as hereinbefore mentioned, may be described for convenience as the proprietary interest of the owners of the corporation. See Richardson, Trustee, v. Shaw, 209 U. S., 365, 378, 379, 52 L. Ed., 835, 842, 28 S. Ct., 512, 516; Duel v. Hollins, 241 U. S., 523, 527, 60 L. Ed., 1143, 1146, 36 S. Ct., 615, 616.
Although a change in value of property does not necessarily indicate a change in its identity, the evidence in the instant case, as to the effect of the stock dividend here involved on the market value of the shares of stock involved,- is significant in indicating that the conclusion which we have reached is sound. These shares of stock were, at the time of the stock dividend, traded on the New York Curb Exchange. Immediately before the two additional shares were issued for each share outstanding, the shares sold for approximately three times what they sold for immediately after that stock dividend. This indicates that buyers and sellers regarded the 4,050 shares which Mrs. Bassett owned after the stock dividend as being worth about the same as the 1,350 which she owned before that dividend. Their judgment as to *422 value confirms our conclusion that those 4,050 shares represented and are the same property that the 1,350 shares had been before the stock dividend.
The judgment of the Court of Appeals is reversed and that of the Probate Court is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart and Lamneck, JJ., concur.
Middleton and Hart, JJ., dissent.