WARM BROS., INC., APPELLANT, *v.* BOWERS, TAX COMMR.,
APPELLEE.
THE J. & E. WARM CO., APPELLANT, *v.* BOWERS, TAX COMMR.,
APPELLEE.

(No. 9371—Decided February 3, 1964.)

*Mr. J. Louis Warm,* for appellants.
*Mr. William B. Saxbe,* attorney general, and *Mr. Daronne R. Tate,* for appellee.

HILDEBRANT, J. These consolidated appeals stem from the action of the Tax Commissioner of Ohio in determining that certain asset items listed in the corporation's balance sheets, filed in connection with personal property tax returns, as "Construction in Progress—Real," were taxable as "other taxable intangibles."

The essential facts are not in dispute and, as stated in both briefs, appear to be that:

"These two companies operate in a similar fashion, practically their entire business is on contract for owners, they do not build for themselves or for the market, they are not speculators.

"Their contracts are of two kinds, the first kind is one in which they are entitled to bill on the tenth of the month following the placing of any materials and labor in place. In

other words, anything that has already been attached to the structure by the end of any particular month, these two appellants are entitled to bill for that on the tenth of the following month, and are therefore paid sometime thereafter.

"The other contract, which is at least as prevalent in their business as the first, is where they are, by the terms of the contract, not entitled to bill until the work is completed. This is ordinarily done for pension funds, for the federal government, et cetera, where the money on behalf of these various owners is not at the moment available, hospitals, places like that.

"The item 'construction in progress' is listed on the books of both companies as real estate."

We understand that the item, "Construction in Progress— Real," is material put in place by the expenditure of labor, becoming a part of the real estate of the owner thereof. Appellants' balance sheets also list an item, "accounts receivable." It is not disputed that the statutes relied upon by appellee have been in effect since 1933, and that for a period of 26 years no attempt to tax the item, "Construction in Progress," was made by appellee, it being a first attempt involved here. It becomes at once obvious that the determination, after all this time, now to tax the item must rest on a new and different construction of the applicable statute and a departure from the settled construction of the past.

The determination involved here states:

"Upon consideration of the information submitted at and subsequent to the hearing, Sections 5701.07 and 5701.09, Revised Code, and all other available information, the Tax Commissioner finds that the applicant's contention is, in certain respects, well taken in that the property in question is not a current account receivable or a prepaid item to be utilized in the computation of applicant's credits taken under schedule 9 of the returns.

"However, being further advised in the premises, the Tax Commissioner finds that the property in question is properly taxable as other taxable intangibles under schedule 10 of the returns."

Section 5701.07 of the Revised Code reads, in part, as follows:

"As used in Title LVII of the Revised Code:

"(A) 'Credits' means the excess of the sum of all current accounts receivable and prepaid items used in business when added together, estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments.

"(B) 'Current accounts' includes items receivable or payable on demand or within one year from the date of inception, however evidenced.

"(C) 'Prepaid items' does not include tangible property."

Section 5701.09 of the Revised Code states:

"As used in Title LVII of the Revised Code, 'other taxable intangibles' and 'other intangible property' includes every valuable right, title, or interest not comprised within or expressly excluded from any of the other definitions set forth in Sections 5701.01 to 5701.09, inclusive, of the Revised Code."

These statutes are *in pari materia* and must be read and construed together.

The Tax Commissioner, while finding that the item, "Construction in Progress—Real," was not an account receivable or prepaid item, nevertheless determined it to be taxable as a valuable contract right not comprised within or expressly excluded from any of the definitions set forth in Section 5701.07, Revised Code.

Appellants contend that the item is a balancing bookkeeping item only, not representing anything due them on the day the tax attaches and is not an item to which they are entitled, as shown by the contract, but is an item to which they may never be entitled, or only partially so, at some future time and variable from day to day, and does not represent anything payable on demand within one year. Further, appellants contend that the item is not taxable here because it is tangible property not taxable as an intangible.

With appellants' contention this court agrees.

We see no difference in principle and consider the case at bar even stronger on its facts than the case of *Clark Restaurant Co. v. Evatt, Tax Commr.*, 146 Ohio St., 86, where the company, as a lessee of various properties, spent large sums in remodeling the premises suitable to their use, which expenditures were shown on its books as an assets in the form of amortizable sums during the terms of its leases. The improvements were on the property of the lessor, and, at page 89, the court said:

"Both parties concede that legal title to these improvements is in the lessors and that the improvements, for which the expenditures were made by the lessee, are now part of the real estate."

Here, the item listed as "Construction in Progress" is a part of the real estate of the owner and not of the appellants here. And here we do not have a definite amortization amount to be credited within one year. It, therefore, appears, as held in the *Clark case*, that these items are tangible items and, hence, expressly excluded and not taxable by construction as a taxable intangible.

Paragraph three of the syllabus of the *Clark case* reads:

"In the construction and application of taxing statutes, their provisions cannot be extended by implication beyond the clear import of the language used; nor can their operation be so enlarged as to embrace subjects not specifically enumerated. A strict construction is required and any doubt must be resolved in favor of the taxpayer upon whom, or the property upon which, the burden is sought to be imposed. (*Watson, Jr., Exr.,* v. *Tax Commission*, 135 Ohio St., 377, approved and followed.)"

The drastic power to tax has been stated to be the power to destroy, and the power to impose taxes is exclusively in the Legislature, and it is fundamental in the law that statutes imposing taxes must be strictly construed and any doubt resolved in favor of the taxpayer or the property upon which the tax is sought to be imposed.

The attempt to tax these items for the first time here, in the face of the neglect to do so for many years past, is quite persuasive on this court as an attempt to extend the provisions of the statutes by implication and to enlarge their operation by a liberal construction to embrace a subject not specifically enumerated. It was reversible error to do so. There is some significance to the fact that the appellee cites no authority for so doing.

The determinations here are hereby reversed, the increased assessments are held to be null and void, and the cause is remanded for further proceedings according to law.

*Judgment accordingly.*

HOVER, P. J., and LONG, J., concur.